IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEFFREY A. HOLDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-174-D |
| | ) | |
| MIKE ADDISON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 15], issued by United States Magistrate Judge Charles B. Goodwin pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Upon consideration of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus and supporting brief, Respondent's Motion to Dismiss and supporting brief, and Petitioner's response to the Motion, Judge Goodwin finds that the Petition is untimely pursuant to 28 U.S.C. § 2244(d)(1), and recommends that it be dismissed. Petitioner has filed a timely objection to the Report. Thus, the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, who appears *pro se*, seeks to challenge his conviction and concurrent sentences imposed on February 7, 2007, following a guilty plea to two counts of first-degree rape and one count of first-degree burglary. Petitioner did not file a timely motion to withdraw his plea, and did not seek post-conviction relief in state court until March 2012. After careful consideration, Judge Goodwin finds no basis for statutory or equitable tolling

of the one-year limitation period of § 2244(d)(1). Judge Goodwin also finds that Petitioner cannot satisfy the equitable exception for a claim of actual innocence, as recognized in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Therefore, Judge Goodwin finds the Petition filed February 24, 2014, is time barred.

Liberally construing the arguments presented in the Objection, Petitioner argues the merits of his claims but, as to timeliness, challenges only Judge Goodwin's findings regarding the equitable exception of *McQuiggin* (which he refers to as *Perkins*). Petitioner argues, incorrectly, that Judge Goodwin relies on the dissenting opinion in *McQuiggin* and that he misapplies the Supreme Court's opinion and subsequent Tenth Circuit case law.

Upon *de novo* consideration of the issues presented by Petitioner's Objection, the Court fully concurs in Judge Goodwin's finding that the Petition is time barred. Petitioner's gateway claim of actual innocence rests solely on a 2005 laboratory report regarding DNA evidence, which he views as "exculpatory." *See* Objection [Doc. No. 16], p.2. In fact, the report reflects the exclusion of Petitioner as a contributor with regard to certain samples but, as to one sample, states that Petitioner could not be excluded as a potential contributor to a mixture. *See* Respt's Br. Supp. Mot. Dism., Ex. 10 [Doc. No. 9-10]. This report was part of the state court proceeding, including a hearing in October 2006 which Petitioner attended; it is not "new" evidence. If it were viewed as new to Petitioner when he allegedly obtained a copy of it in 2011, it certainly would not satisfy the strong evidentiary requirements for an actual innocence claim under *Schlup v. Delo*, 513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518 (2006). Petitioner's claim is based on an alleged evidentiary weakness in the

prosecution's case and not on a contention or proof that he is factually innocent of the rape and burglary offenses to which he pled guilty. Because the Court cannot add significantly to Judge Goodwin's thorough analysis of the timeliness issues, the Court adopts the Report and Recommendation in its entirety as though fully set forth herein.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 15] is ADOPTED. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus for Failure to Timely File Petition [Doc. No. 8] is GRANTED. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is DISMISSED. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court

finds the requisite standard is not met in this case. Therefore, a COA will be denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 31st day of March, 2015.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE